**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KATHERINE ANN SHATILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-1051-HE |
| | ) | |
| PROGRESSIVE DIRECT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Katherine Shatila originally filed this lawsuit in state court asserting claims for breach of contract and insurance bad faith against The Progressive Corporation. Petition [Doc. 1-2]. The state court dismissed plaintiff's claims for lack of personal jurisdiction over Progressive Corporation and granted Ms. Shatila leave to amend her petition to add Progressive Marathon Insurance Company as the defendant. Journal Entry [Doc. #1-8]. Plaintiff then filed an amended petition naming Progressive Direct and Progressive Marathon Insurance Company as defendants. Amended Petition [Doc. #1-3]. These defendants removed the action to this court. Notice of Removal [Doc. #1].

At issue are defendants' motions to dismiss, or in the alternative, transfer venue to the United States District Court for the Eastern District of Michigan [Doc. Nos. 7 & 8]. Progressive Marathon seeks dismissal on the basis that this court does not have personal jurisdiction over it. Progressive Direct concedes the court has jurisdiction over it, but seeks dismissal on the basis that plaintiff exceeded the scope of the state court's order granting her leave to amend her petition. Both defendants contend the Eastern District of Michigan is the

more appropriate forum and that venue should be transferred there pursuant to 28 U.S.C. § 1404(a). An evidentiary hearing was conducted on December 9, 2011 to address these issues. The court does not have personal jurisdiction over Progressive Marathon but plaintiff's claims against Progressive Direct will remain for further adjudication.

## Personal Jurisdiction

In a diversity action, a federal district court has personal jurisdiction over a nonresident defendant if "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." Th Agric. & Nutrition, LLC v. Ace Equip. Group Ltd., 488 F.3d 1282, 1286-87 (10th Cir. 2007) (citation omitted). Oklahoma authorizes personal jurisdiction to the extent allowed by the constitution, so the inquiry is only whether the exercise of jurisdiction comports with due process. State ex rel. Edmondson v. Native Wholesale Supply, 237 P.3d 199, 205 (Okla. 2010).

The Fourteenth Amendment due process clause requires the court to determine whether the defendant has "minimum contacts" with the forum state and, if it does, whether exercising jurisdiction over the defendant would nevertheless offend "traditional notions of fair play and substantial justice." Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1159-60 (10th Cir. 2010) (citations omitted). The plaintiff must prove the defendant has minimum contacts with the forum state by a preponderance of the evidence.[1] Baldridge

---

[1]As the court has held an evidentiary hearing, the plaintiff must carry her full burden of proof. Cf Employers Mut., 618 F.3d at 1159 (stating the plaintiff need only make a prima facie

v. McPike, Inc., 466 F.2d 65, 68 (10th Cir. 1972); *see also* Benton v. Cameco Corp., 375 F.3d 1070, 1074 (10th Cir. 2004) (stating the plaintiff bears the burden of proof when personal jurisdiction is contested).

The "minimum contacts" standard can be satisfied in two ways. First, if a nonresident defendant "has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state," then the court has specific jurisdiction over the defendant for claims which arise out of or relate to the defendant's activities in the forum state. Employers Mut., 618 F.3d at 1160. Second, the court has general jurisdiction over a nonresident defendant for claims which do not relate to the defendant's activities within the forum state if the defendant maintains "continuous and systematic business contacts with the forum state." *Id.* at 1160, n.5.

Plaintiff has offered no evidence that defendant Progressive Marathon has purposefully availed itself of conducting activities in Oklahoma. Plaintiff has not disputed Progressive Marathon's evidence that it is an insurance company organized in Michigan and conducting business solely in Michigan, nor has she shown that Progressive Marathon has any contacts with the State of Oklahoma. Plaintiff argues only that the advertising efforts of Progressive Marathon's parent company provide a sufficient basis for personal

---

*showing of personal jurisdiction when the court considers a motion to dismiss without conducting an evidentiary hearing). Here, however, the plaintiff has not even made a prima facie showing of personal jurisdiction.*

jurisdiction.² The court is unpersuaded.

First, parent and subsidiary companies are distinct legal entities and the acts of one are ordinarily not attributable to the other. *E.g.* Benton, 375 F.3d at 1080-81 (refusing to consider the acts of a wholly-owned subsidiary when determining the district court's jurisdiction over the parent company absent proof the subsidiary was the alter ego of the parent). Plaintiff has not presented evidence that Progressive Marathon is so entwined with its parent that the two should be treated as a single entity. Second, even if the advertisements were attributable to Progressive Marathon, they are insufficient to establish a basis for either specific or general jurisdiction. The claims in this case center on an alleged denial of benefits from an automobile policy purchased in Michigan and do not arise out of any advertisements in Oklahoma. Nor are the advertisements here, without more, sufficient to support a finding of general jurisdiction under the "continuous and systematic" standard. *See* Doering ex rel. Barrett v. Copper Mountain, Inc., 259 F.3d 1202, 1210 (10th Cir. 2001) (noting that merely advertising in a nationally distributed journal is not "continuous and systematic"); *accord* Wellness Publishing v. Barefoot, 128 Fed. Appx. 266, 269 (3d Cir. 2005) ("It is true that an advertising campaign with national scope does not by itself give rise to general jurisdiction in a state where it is broadcast.").

Plaintiff also argues that automobile insurance companies should reasonably expect

---

²*The plaintiff refers to Progressive's billboards and television advertisements featuring "Flo." At the evidentiary hearing, plaintiff's counsel asked the court to take judicial notice of these advertisements.*

to be hailed to court in any state because automobiles are highly mobile. But the Supreme Court rejected this argument over thirty years ago in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). World-Wide Volkswagen explains that foreseeability alone is not enough to constitute purposeful availment, and the "uniquely mobile" nature of automobiles does not merit a separate jurisdictional standard. *See id.* at 296-97 & n.11. Consequently, Ms. Shatila has not demonstrated a basis for personal jurisdiction over Progressive Marathon and the claims against it will be dismissed.

## Transfer of Venue

As noted above, defendant Progressive Direct does not dispute that personal jurisdiction exists as to it, but argues the case should be transferred to the Eastern District of Michigan. The court has discretion to transfer a case to another federal district court having power to hear it "[f]or the convenience of parties and witnesses [and] in the interests of justice." 28 U.S.C. § 1404(a). The court weighs several factors in making this determination, including the location of witnesses and other sources of proof. *See* Employers Mut., 618 F.3d at 1167-69 (setting out the factors a court may consider and noting the convenience of witnesses is the most important factor). The party seeking transfer must demonstrate the plaintiff's chosen forum is unreasonably inconvenient. *See id.* at 1167-68.

In the present case, the defendant has not demonstrated this district is an unreasonably inconvenient forum. Defendant argues the witnesses and documents relevant to this claim are located in Michigan and that Michigan lawyers and judges are better able to apply Michigan law. But the analysis is complicated here by the fact that plaintiff's claims appear

to be directed to Progressive Marathon,[3] rather than Progressive Direct, hence it is difficult to determine now what matters would be in issue as to any claims plaintiff actually might have against Progressive Direct.[4]  Given that uncertainty, it is difficult to determine where the necessary witnesses are, which state's law might be applicable to resolution of the controversy, and other facts pertinent to the question of transfer of venue.  The court therefore concludes that Progressive Direct has not made the necessary showing to transfer any claims plaintiff may have against it to federal court in Michigan.

## Conclusion

Defendant Progressive Marathon's motion to dismiss [Doc. #7] is **GRANTED** and the claims against it are **DISMISSED**.  Defendant Progressive Direct's motion [Doc. #8] is **DENIED**.[5]

---

[3]*The insurance application and policy declarations page both identify Progressive Marathon as the underwriting insurance company, although the declarations page also carries references to Progressive Direct in the caption.*

[4]*The present motions do not raise the issue of whether plaintiff has stated a claim as to Progressive Direct.*

[5]*Plaintiff did exceed the scope of the state court's order granting her leave to amend her petition by adding Progressive Direct as a defendant.  However, in the circumstances of this case, the court declines to dismiss or strike the claims against Progressive Direct on this basis alone.*

**IT IS SO ORDERED**.

Dated this 13th day of December, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE